# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| SXSBlog, LLC, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24 – cv - 11891 |
| | ) |
| Nicholas Leonard, | ) Hon. Thomas Ludington |
| Danielle Leonard, jointly and | ) |
| severally, | ) |
| Danielle Leonard, in her | ) |
| Capacity as member in | ) |
| SXSBlog, LLC., | ) |
| | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff SXSBlog, LLC., a Michigan limited liability company complains of Nicholas Leonard, Danielle Leonard, jointly and severally, and Danielle Leonard in her capacity as member of SXSBlog, LLC., stating:

## Introduction

1. Plaintiff files this lawsuit against Defendants for declaratory relief regarding copyright claims, and to recover damages – including treble damages – resulting from a) Defendant's false copyright infringement notifications to YouTube under the Digital Millenium Copyright Act, b) Defendants conspiracy to commit conversion from Plaintiff by unlawfully pocketing company funds from various accounts for their own use, c) Defendant Danielle Leonard's breach of fiduciary

duty to Plaintiff by conversion and conspiracy to embezzle, d) racketeering activity, d) and recover business information unlawfully held by defendants.

## Parties, Jurisdiction and Venue

2. SXSBlog, LLC., is a Michigan Limited Liability Company that produces YouTube videos and content for viewers, sells parts and accessories, and holds sweepstakes for equipment. Their videos primarily surround side-by-side off road vehicles and performance modification of same.

3. SXSBlog, LLC., operates out of Midland County, Michigan and has had operations in Saginaw and Bay Counties during the relevant periods of this litigation.

4. Douglas Butterfield, Nicholas Sous, and Danielle Leonard were equal partners of SXSBlog, LLC., at all relevant times during this litigation.

5. Nicholas Leonard was an employee of SXSBlog, LLC., until November of 2023 when he was terminated from his employment after discovery of embezzlement and misappropriation of company debit cards.

6. Danielle and Nicholas Leonard are husband and wife and reside in Bay County, Michigan.

7. This Court has original subject matter jurisdiction over the claims in this action under the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1962 *et seq.*, the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. It also has jurisdiction over the claims arising under the laws of the State of Michigan pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has personal jurisdiction over Defendant's because they reside and the facts in controversy arise in this Judicial District.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since Defendant's reside in this Judicial District.

**Facts Common to All Counts**

10. SXSBlog, LLC is a Michigan Limited Liability company that produces YouTube videos and social media content for various platforms, sells parts and accessories, and holds sweepstakes for equipment. Their social media content and sales primarily surround side-by-side (UTV) off-road vehicles and performance modification of the same.

11. SXSBlog, LLC operates two primary YouTube channels; "SXSBlog" with nearly 438,000 subscribers and "110 Garage" with 96,000 subscribers - that is, persons who regularly watch their content.

12. SXSBlog, LLC was informally formed in 2015 when Douglas Butterfield and Nicholas Leonard created the website SXSBlog.com and began writing blog posts & articles related to the emerging side-by-side market. They also began filming their modifications to and subsequent riding of side-by-side vehicles along with Nicholas Sous for the purpose of sharing the content to YouTube and other social media platforms.

13. The group filmed their content in the garage of Douglas Butterfield's parents' garage located in Bay County, Michigan and then uploaded the videos to YouTube.

14. At the time, and through the relevant times in this dispute, Defendant Nicholas Leonard was the person responsible for editing and uploading the content.

15. Defendant Nicholas Leonard set up the YouTube account with and at the direction of Butterfield and Sous. He utilized a personal bank account with his

wife, Defendant Danielle Leonard, as the connected account for the YouTube channel.

16. The videos gained popularity on the platform.

17. Plaintiff SXSBlog, LLC., also opened a Patreon account which is a subscription-based service that gives subscribers from all over the world and across state lines access to exclusive content.

18. Defendant Nicholas Leonard and Defendant Danielle Leonard were responsible for the financial deposits from these accounts to the company account.

19. The group formally created the limited liability company in 2018 through an operating agreement. Due to past financial circumstances which included significant debts and possible collections or judgments, Nicholas Leonard chose to place his interest in the company in his wife's name (Danielle Leonard) and become an at-will employee of SXSBlog LLC with his primary responsibility to be video editing. The company was owned by three members, all with 33.3% interest; Douglas Butterfield, Nicholas Sous, and Danielle Leonard.

20. Danielle Leonard, by all accounts, acted as a silent partner that did not vote in the general operations of the company.

21. After the formal incorporation of the Company, Butterfield and Sous made numerous attempts to have Nicholas Leonard utilize the Company bank account for the YouTube channel. Every request was met with excuses to not comply.

22. At the time the dispute began in November 2023, SXSBlog LLC also employed 5 other employees, all of whom shared regular responsibility for filming content for use in SXSBlog, LLC's YouTube videos.

23. In November of 2023, while concurrently logged into a company email account, an employee witnessed Nicholas Leonard make a purchase using a company account and immediately delete the email receipt. That employee notified Douglas Butterfield of the purchase. Upon investigation, the transaction was

found to be an inappropriate order for car parts made by Nicholas Leonard for his girlfriend's personal vehicle using company funds. This action drove further review of all company accounts and revealed a long-standing pattern of embezzlement from the company.

24. From January of 2021 to November of 2023, Defendant Nicholas Leonard failed to disclose and deposit at least $114,900.00 from YouTube income earned by Plaintiff SXSBlog, LLC.; at least $31,717.29 in personal purchases with the company debit card which were not authorized; $19,980.00 in funds from the company Patreon account; personal purchases from the company's PayPal account in the amount of $954.62; withdraws from the company bank account to Defendant Danielle Leonard's personal cryptocurrency account in the amount of $65,557.37; among other money not yet discovered.

25. After Douglas Butterfield reviewed the findings with Nicholas Sous and SXSBlog, LLC general counsel the decision was made to terminate Nicholas Leonard from his role within the company.

26. Nicholas Leonard was dismissed from the company on November 22, 2023, and notification of the majority stakeholder action was provided to Defendant Danielle Leonard via a consent resolution of members Douglas Butterfield and Nicholas Sous, pursuant to the Company Operating Agreement.

27. A subsequent meeting set for November 27, 2023 to discuss the majority stakeholder action was canceled by Defendant Danielle Leonard. Upon her request, information regarding the financial improprieties was provided to her November 30, 2023.

28. Nicholas Leonard concurrently made claim that he was the exclusive copyright owner of all YouTube videos he had edited for SXSBlog, LLC. SXSBlog, LLC disputes this claim as the videos edited were works made for hire – that is, Defendant Nicholas Leonard's work as editor was part of his responsibility to the

company as a term of his employment, and that the company is the proper owner of the content.

29. On or about February 28, 2024 Defendant Nicholas Leonard falsely and maliciously submitted copyright infringement claims against twenty (20) SXSBlog, LLC videos to YouTube, resulting in those videos being temporarily removed and no longer available for the company to monetize.

30. The copyright claims submitted by Nicholas Leonard against those videos were structured such that two (2) copyright "Strikes" were applied against each of SXSBlog, LLC's., primary YouTube channels (SXSBlog and 110 Garage). YouTube's policy is such that a third strike submitted against either channel within 90 days would have resulted in the termination of SXSBlog, LLC's account, all associated channels, removal of all videos, and inability of the business to create any new channels. Removal of the 922 videos per Nicholas Leonard's demand, or a submission of an additional copyright strike would have effectively ended the business.

31. SXSBlog, LLC submitted counter-notifications to YouTube for the twenty videos Nicholas Leonard had claimed ownership of with the justification that Nicholas Leonard had edited the videos as work made for hire and the content was rightfully owned by SXSBlog, LLC. YouTube overturned each of Defendant Nicholas Leonard's claims and re-instated all videos.

32. Nicholas Leonard later falsely and maliciously submitted a copyright registration to the United States Copyright Office for at least one SXSBlog, LLC video that was created and published by the company in 2022. The video he chose was the company's most highly viewed work.

33. The Plaintiff SXSBlog, LLC., also has various social media accounts, including TikTok (@SXSBlog), and Facebook page (SXSBlog Universe).

34. Defendant Nicholas Leonard, upon being terminated from employment, unlawfully removed Company access to social media accounts and subsequently refused to turn them over.

35. Plaintiff SXSBlog, LLC. also has an Amazon Affiliate Program account and controls the sxsblog.com URL.

36. Defendant Nicholas Leonard, upon his termination from employment, withheld access to those accounts and has unlawfully refused to provide them to Plaintiff SXSBlog, LLC.

37. Defendant Danielle Leonard has also refused to turn over the social media account information.

## Count I
### Declaratory Judgment of Non-Infringement (28 U.S.C. § 2201, *et seq.*; Fed R. Civ. Pro 57) Defendant's Copyright

38. Plaintiff reincorporates the allegations detailed above in the section: Facts Common to all Counts.

39. Defendant asserts that SXSBlog, LLC. Infringed Defendant Nicholas Leonard's Copyright.

40. SXSBlog, LLC., asserts that it has not infringed Defendant Nicholas Leonard's copyright.

41. Defendant Nicholas Leonard filed DMCA takedown notifications with YouTube concerning SXSBlog, LLC's videos, which resulted in the deactivation of these videos.

42. The controversy between the parties is sufficient to entitle SXSBlog, LLC. To a declaratory judgment that SXSBlog, LLC., has not infringed Defendant Nicholas Leonard's copyright.

## Count II
## Misrepresentation under 15 U.S.C. § 512(f)

43. SXSBlog, LLC., reincorporates the allegations detailed in the above section: Facts Common to all Counts.

44. Defendant Nicholas Leonard knowingly misrepresented that SXSBlog, LLC., videos infringed on his copyright.

45. YouTube relied on Defendant's DMCA notifications and deactivated 20 videos pending response from Plaintiff.

46. As a result, SXSBlog, LLC., was injured.

47. These damages include a reduction in views and monetization from the reported videos.

## Count III
## Tortious Interference

48. SXSBlog, LLC., reincorporates the allegations detailed in the above section: Facts Common to all Counts.

49. SXSBlog, LLC. is a YouTube channel.

50. SXSBlog, LLC. earns income from video plays on YouTube.

51. Defendant knew that SXSBlog, LLC. earns income from views of its videos on Youtube.

52. Defendant knew that SXSBlog, LLC. has a business expectancy with YouTube via views of its videos.

53. To interfere with the business relationship or expectancy with YouTube and viewers, Defendant Nicholas Leonard filed false reports with YouTube claiming that SXSBlog, LLC. was in violation of Defendant Nicholas Leonard's copyrights.

54. As a result of Defendant Nicholas Leonard's false reports, YouTube deactivated the reported viedos.

55. As a result of Defendant Nicholas Leonard's false reports, SXSBlog, LLC.'s business relationship with YouTube and YouTube viewers regarding the deactivated videos was breached or terminated.

56. SXSBlog, LLC. has suffered and continues to suffer damages because of Defendant Nicholas Leonard's tortious conduct.

## Count IV

### Breach of Fiduciary Duty as to Defendant Danielle Leonard

57. SXSBlog, LLC., reincorporates the allegations detailed in the above section: Facts Common to all Counts.

58. At all times relevant to this claim, Defendant Danielle Leonard was an officer of Plaintiff SXSBlog, LLC., and in that capacity had a fiduciary relationship with Plaintiff SXSBlog, LLC.

59. Since the formation of the Company, Defendant Danielle Leonard was, by virtue of her marital relationship to Defendant Nicholas Leonard and ownership of the bank account wherein company receipts were deposited by YouTube, Patreon, and others, in control of the distribution and accounting of company funds.

60. From the time period of fiscal years 2021 and 2023, Defendant Danielle Leonard knew, or should have known, or conspired with Defendant Nicholas Leonard to make distributions to either herself, Defendant Nicholas Leonard, or both in violation of the Operating Agreement, and in violation of her fiduciary duty to fund the company.

61. Defendant Danielle Leonard's conduct constitutes a breach of her fiduciary duty to Plaintiff SXSBlog, LLC.

62. As a direct and proximate result of Defendant Danielle Leonard's conduct, Plaintiff SXSBlog, LLC., has sustained damages including but not limited to lost profits.

63. In addition, by information and belief, Defendant Danielle Leonard has an interest in the Michigan Limited Liability Company Race Rebuild Repeat, LLC., which performs substantially the same functions as Plaintiff SXSBlog, LLC.

64. As an officer of SXSBlog, LLC., Defendant Danielle Leonard owes a fiduciary duty to SXSBlog, LLC., to not harm business operations or engage in conduct to do same.

65. In 2024, in concert with Defendant Nicholas Leonard, Defendant Danielle Leonard hired Frank Jungnitsch as an employee of Race Rebuild Repeat, LLC., in violation of a non-compete held by Plaintiff SXSBlog, LLC., with Frank Jungnitsch.

66. Defendant's actions constitute a breach of fiduciary duty to Plaintiff SXSBlog, LLC.

67. Plaintiff SXSBlog, LLC. has been damaged by Defendant Danielle Leonard's actions.

## Count V
## Breach of Contract

68. SXSBlog, LLC., reincorporates the allegations detailed in the above section: Facts Common to all Counts.

69. Defendant Danielle Leonard at all times relevant to this count was a member of Plaintiff SXSBlog, LLC. and under contract pursuant to the July, 2018 Operating Agreement.

70. Pursuant to the Operating Agreement, Defendant Danielle Leonard was contractually obligated to act in good faith in executing duties as a member of Plaintiff SXSBlog, LLC.

71. Defendant Danielle Leonard, by acting on concert with Defendant Nicholas Leonard in unlawfully withholding company funds, using company funds for their own use, and unlawfully utilizing Plaintiff SXSBlog, LLC's bank debit card for personal purchases, fraudulently and in bad faith violated her duties to the Plaintiff SXSBlog, LLC.

72. Defendant Danielle Leonard's actions were unlawful and have resulted in damages to Plaintiff SXSBlog, LLC.

## Count VI
## Conversion

73. SXSBlog, LLC., reincorporates the allegations detailed in the above section: Facts Common to all Counts.

74. Defendant Nicholas Leonard was at all times relevant to this litigation, in sole control of bank accounts related to business deposits from YouTube, Patreon, and other sources.

75. Defendant Nicholas Leonard had an obligation to place earned funds from those sources into the SXSBlog, LLC. operating account.

76. Defendant Nicholas Leonard failed to place funds from his account with Defendant Danielle Leonard into the SXSBlog, LLC. operating account, but rather took money without authorization or authority from the Company and used it for his own purposes.

77. Between January of 2021 and November of 2023, Defendant Nicholas Leonard converted for his own use at least $114,900.00 from YouTube deposits; $19,980.00 from Patreon deposits; $65,557.37 from unauthorized debts from the

SXSBlog, LLC., account into Defendant Danielle Leonard's personal cryptocurrency wallet; $31,717.29 in unauthorized use of the SXSBlog, LLC. debit card for personal purchases, and other acts of conversion not yet fully ascertained.

78. Defendant Nicholas Leonard's actions were done maliciously and in violation of his fiduciary duty to Plaintiff SXSBlog, LLC.

79. Plaintiff SXSBlog, LLC. did not give Defendant Nicholas Leonard permission to withdraw money from bank accounts for his own personal use, nor did Plaintiff SXSBlog, LLC. give Defendant Nicholas Leonard permission to utilize the company debit card to purchase personal items.

80. Plaintiff SXSBlog, LLC. repeatedly, both orally and in writing, demanded the return of the funds unlawfully taken by Defendant Nicholas Leonard.

81. Defendant Nicholas Leonard has expressly and impliedly refused to return the funds to Plaintiff SXSBlog, LLC.

82. Defendant Nicholas Leonard's actions are wrongful and amount to common-law conversion and conversion under MCL 600.2919a, which caused Plaintiff to suffer damages in excess of $233,109.28.

## Count VII
## Conspiracy to Commit Conversion

83. SXSBlog, LLC., reincorporates the allegations detailed in the above section: Facts Common to all Counts and the allegations in Count VII – Conversion.

84. Defendant Danielle Leonard at all times relevant to this count was married to Defendant Nicholas Leonard and a member of Plaintiff SXSBlog, LLC.

85. Defendant Danielle Leonard knew or should have known that Defendant Nicholas Leonard was unlawfully removing funds from Plaintiff SXSBlog,

LLC's bank account, unlawfully using the company debit card, and unlawfully depositing company funds into her personal cryptocurrency wallet.

86. Defendant Danielle Leonard also knew or should have known that Defendant Nicholas Leonard was failing to place company receipts from YouTube, Patreon, and other accounts, into the company account, but rather converting the funds for both Defendant Leonard's personal use.

87. Defendant Danielle Leonard knew or should have known this because she was the account holder on the bank account utilized by Defendant Nicholas Leonard to accomplish his unlawful acts.

88. Defendant Danielle Leonard had a fiduciary duty to Plaintiff SXSBlog, LLC. to inform the other members of Defendant Nicholas Leonard's unlawful acts, and to refrain from engaging in conversion of company funds.

89. Defendant Danielle Leonard did not have authority to convert the funds taken by Defendant Nicholas Leonard for her personal use, and had the additional duty to act in the company's best interest.

90. Defendant Nicholas and Danielle Leonard acted in concert to accomplish the conversion of the funds described in Count VII, and such actions were unlawful.

91. Plaintiff SXSBlog, LLC. repeatedly, both orally and in writing, demanded the return of the funds taken.

92. Defendant Danielle Leonard has expressly and impliedly refused to return the funds to Plaintiff SXSBlog, LLC.

93. Defendants Danielle and Nicholas Leonard illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of accomplishing the aforementioned acts.

94. The conspiracy resulted in the illegal, unlawful, or tortious activity of conversion.

95. Defendants Danielle and Nicholas Leonard's unlawful taking, and keeping of funds belonging to Plaintiff SXSBlog, LLC. are wrongful and amount to common-law conversion and conversion under MCL 600.2919a, which caused Plaintiff to suffer damages in excess of $233,109.28.

## Count VIII
## Business Defamation

96. SXSBlog, LLC., reincorporates the allegations detailed in the above section: Facts Common to all Counts.

97. On or about February 27, 2024 Defendant Nicholas Leonard negligently or with actual malice made false statements accusing Plaintiff SXSBLog, LLC., of unjustly firing him in an attempt to coerce subscribers to leave the SXSBlog YouTube channel and subscribe to his new channel, Race Rebuild Repeat.

98. Defendant Nicholas Leonard, by information and belief, negligently or with actual malice made false and defamatory statements to other YouTube content creators in an effort to coerce those content creators to cease doing business with Plaintiff SXSBlog, LLC.

99. The defamatory statements have a tendency to, and did, prejudice Plaintiff SXSBlog, LLC., in the conduct of its business and deter other from dealing with Plaintiff.

100. As a direct and proximate result of Defendant Nicholas Leonard's wrongful conduct, Plaintiff has suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count IX
## Civil RICO Pursuant to 18 U.S.C. § 1962 *et seq.*

101. SXSBlog, LLC., reincorporates the allegations detailed in the above section: Facts Common to all Counts.

102. Defendants Danielle and Nicholas Leonard maliciously and intentionally conspired together to steal and convert sums of money from Plaintiff SXSBlog, LLC.

103. To accomplish this, Defendants Danielle and Nicholas Leonard through the ongoing efforts of Plaintiff SXSBlog, LLC's YouTube channel, encouraged persons located across the United States to subscribe or donate to the company's Patreon channel, or subscribe to the YouTube channel. From there, Defendant's Danielle and Nicholas Leonard conspired to keep the funds for their own use, rather than deposit those funds into the Plaintiff SXSBlog, LLC's account.

104. Defendants Danielle and Nicholas Leonard utilized this same scheme to steal, convert and embezzle funds from the company's YouTube account.

105. Defendants Danielle and Nicholas Leonard also utilized Plaintiff SXSBlog, LLC's bank account and debit card to make personal purchases over multiple years without consent of the company.

106. In addition, Defendants Danielle and Nicholas Leonard fraudulently used the Plaintiff's bank account to fund a personal cryptocurrency wallet.

107. Defendants Danielle and Nicholas Leonard knew that funds were being transferred through interstate commerce by means of wire transfers and they conspired with the intent to deceive and defraud.

108. Defendants Danielle and Nicholas Leonard continued this pattern of criminal racketeering activity for years, defrauding both Plaintiff SXSBlog, LLC., and the subscribers to the channel.

109. Defendants course of action caused actual damage to Plaintiff.

## Count X
## Claim and Delivery of Business Information

110. SXSBlog, LLC., reincorporates the allegations detailed in the above section: Facts Common to all Counts.

111. Defendant Nicholas Leonard, upon being fired changed and withheld passwords to social media accounts and business assets including the Amazon Affiliate Program, sxsblog.com URL hosting, the TikTok account, and Facebook account.

112. Defendant Nicholas Leonard had no lawful authority to change the passwords and lock out Plaintiff SXSBlog, LLC.

113. Plaintiff SXSBlog, LLC. has repeatedly demanded the information from Defendant Nicholas Leonard who has refused to provide the information.

114. Defendant Nicholas Leonard's unlawful actions have caused damage to Plaintiff SXSBlog, LLC., by preventing income from sales in the Amazon Affiliate Program, the ability of Plaintiff SXSBlog to sell components through its website at sxsblog.com, and the inability to access and post to social media accounts which are substantially related to the business operations of the company.

## Request for relief

**WHEREFORE**, Plaintiff SXSBlog, LLC. requests this Honorable Court to grant the following relief:

A. Enter judgment against defendants and for Plaintiff on all counts;

B. Declare that Plaintiff is not infringing Defendant's copyright;

C. Find Defendants misrepresented to YouTube that he owned copyrights that covered Plaintiff's works and that Plaintiff's works infringed those copyrights;

D. Award Plaintiff reasonable attorney fees under 17 U.S.C. § 505;

E. Award Plaintiff treble, punitive, or otherwise enhanced damages, as available, for Defendants' willful acts;

F. Award Plaintiff costs of suit and attorneys' fees to have and recover from Defendant;

G. Award Plaintiff punitive damages;

H. Award Plaintiff reasonable attorney fees, costs, and treble damages under 18 U.S.C. § 1964(c);

I. Order that Defendants turn over information related to Plaintiff's accounts;

J. Enjoin Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederate, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily, and permanently from defaming Plaintiff;

K. Order the return of property and money properly belonging to Plaintiff;

L. Grant Plaintiff any such other and further relief as justice requires.

## Jury Demand

Plaintiff demands a trial by jury on all triable issues under Federal Rule of Civil Procedure 38.

Respectfully submitted,
SXSBlog, LLC.

s/ Brian H. Jean
Brian H. Jean, P73504
Attorney for Plaintiff
3906 N Euclid Avenue
Bay City, MI 48706
(989) 891-7779
office@revolutionlawplc.com
jean@revolutionlawplc.com